FILED

MAY 4 2011

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1

2

3

4

5

6

7

8                        **UNITED STATES DISTRICT COURT**

9                        **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   ALLEN BAKER,                              CASE NO. 09-CV-1194 BEN (WMc)

12                              Plaintiff,     ORDER GRANTING MOTION FOR
                                              SUMMARY JUDGMENT FOR
13        vs.                                  DEFENDANT BLANKENBAKER

14   COUNTY OF SAN DIEGO; et al.,              [Docket No. 27]

15                              Defendants.

16        Before the Court is Defendant Damon Blankenbaker's motion ("Motion") for summary

17   judgment in the above-captioned action.  For the reasons set forth herein, the Motion is **GRANTED**.

18                              **BACKGROUND**

19        This action is based on 42 U.S.C. § 1983 and arises from the arrest of Plaintiff Allen Baker on

20   July 26, 2008.  The operative complaint is the Second Amended Complaint filed on April 30, 2010.

21   The Second Amended Complaint asserts claims against the two arresting officers, their supervisor, San

22   Diego County, and the San Diego County Sheriff's Department.  (Docket No. 15.)

23        According to the Second Amended Complaint, the two arresting officers, Defendants Hodge

24   and Guthrie, violated Plaintiff's constitutional rights by using excessive force against him during the

25   course of the arrest and by filing false police reports.  (SAC, ¶¶ 13-17.) Defendant Blankenbaker, their

26   supervisor, "signed off" on the officers' reports, despite allegedly knowing that the reports were false.

27   (SAC, ¶ 18.)  Based thereon, the Second Amended Complaint alleges claims for excessive force in

28   violation of Plaintiff's First, Fourth, Fifth and Fourteenth Amendment rights, assault and battery,

- 1 -                                                                    09cv1194

1   intentional infliction of emotional distress, negligence, and violation of the California Unruh/Banes

2   Civil Rights Act. *Id.*

3        On March 2, 2011, Defendant Blankenbaker filed the Motion currently before the Court.

4   (Docket No. 27.) Plaintiff did not file an opposition.

5        For the reasons set forth below the Motion is **GRANTED**.

6   **DISCUSSION**

7        Summary judgment must be granted where the record shows "there is no genuine dispute as

8   to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

9   Where, as here, the opposing party files no opposition to a summary judgment motion, the Court may

10  deem admitted the facts submitted by the moving party to show there is no triable issue of fact. *Beard*

11  *v. Banks*, 548 U.S. 521, 527 (2006); *see also* Local Civil Rule 7.1.f.

12  **I.  Section 1983 Claim**

13       It is well-established that "liability under [§ ] 1983 arises only upon a showing of personal

14  participation by the defendant.  A supervisor is only liable for the constitutional violations of. . .

15  subordinates if the supervisor participated in or directed the violations, or knew of the violations and

16  failed to act to prevent them. There is no respondeat superior liability under [§ ] 1983." *Taylor v. List*,

17  880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted).  Supervisors "can be held liable for: 1) their

18  own culpable action or inaction in the training, supervision, or control of subordinates; 2) their

19  acquiescence in the constitutional deprivation of which a complaint is made; or 3) for conduct that

20  showed a reckless or callous indifference to the rights of others." *Edgerly v. City & County of San*

21  *Francisco*, 599 F.3d 946, 961-62 (9th Cir. 2010) (citing *Cunningham v. Gates*, 229 F.3d 1271, 1292

22  (9th Cir. 2000)).

23       It is undisputed that Blankenbaker was the supervisor of deputies Hodge and Guthrie at the

24  time their reports were signed. (Blankenbaker Decl., ¶ 4.) However, the undisputed facts also show

25  that, at the time of the alleged incident, Blankenbaker was regularly assigned to the Santee station, not

26  the Ramona station where Hodge and Guthrie worked. (Blankenbaker Decl., ¶ 2.) Blankenbaker was

27  only filling in for the patrol sergeant in Ramona, in order to acquire more overtime shifts.  (*Id.*, ¶ 3.)

28  In the one year prior to the alleged incident, Blankenbaker had never worked with Hodge or Guthrie

1  and was not responsible for their training or supervision on a regular basis. (*Id.*, ¶ 5.)  Therefore,

2  Blankenbaker cannot be liable under Section 1983 on the grounds that he trained or supervised Hodge

3  or Guthrie.  Additionally, Blankenbaker was not on duty at the time of Plaintiff's arrest, which

4  occurred at approximately 2:00 a.m.  (*Id.*, ¶ 3.)  When Blankenbaker arrived at the Ramona station

5  eight hours later, Hodge's and Guthrie's reports were already in his box. (*Id.*, ¶ 4.)  Under these

6  circumstances, no reasonable trier of fact could find that Blankenbaker had any personal involvement

7  in the incident. It is also undisputed that Blankenbaker did not know, and had no reason to know, that

8  the facts alleged in the reports were false. (*Id.*, ¶¶ 4, 5.)  Accordingly, no reasonable trier of fact could

9  find that Blankenbaker acquiesced to the allegedly unlawful conduct or that Blankenbaker's conduct

10  showed a reckless or callous indifferent to Plaintiff's rights. In light of the above, the Court finds that

11  Plaintiff's Section 1983 claim against Blankenbaker fails as a matter of law.

12        **II.   State Law Claims**

13        Plaintiff also alleges the following state law claims against Blankenbarker: assault and battery;

14  intentional infliction of emotional distress; negligence; and, violation of the California Unruh/Banes

15  Civil Rights Act.  To succeed on these claims, Plaintiff must show, at a minimum, that Blankenbaker

16  participated in Plaintiff's arrest or, with respect to the negligence claim, Blankenbaker owed a duty

17  to Plaintiff.  Cal. Penal Code §§ 240, 242; Cal. Civ. Code §§ 52 and 52.1(h); *Ladd v. County of San*

18  *Mateo*, 12 Cal. 4th 913, 917 (1996); *Christensen v. Superior Court*, 54 Cal. 3d 868, 903 (1991).  Here,

19  however, it is undisputed that Blankenbaker did not participate in the arrest. (Blankenbaker Decl., ¶¶

20  4-5.)  Additionally, Blankenbaker did not owe a duty to Plaintiff to independently investigate Hodge's

21  and Guthrie's reports or the circumstances surrounding Plaintiff's arrest, because officers are entitled

22  to rely on information from fellow officers, such as that provided from Hodge and Guthrie, which

23  seems routine and unremarkable. *See Motley v. Parks*, 432 F.3d 1072, 1081 (9th Cir. 2005).

24  (Blankenbaker Decl., ¶ 4.)  Accordingly, the Court finds that Plaintiff's state law claims against

25  Blankenbaker also fail as a matter of law.

26  ///

27  ///

28  ///

09cv1194

1

## CONCLUSION

2     For the reasons set forth above, the Court hereby GRANTS Defendant Blankenbaker's motion for

3 summary judgment.  Judgement shall be entered in favor of Defendant Blankenbaker on all claims set

4 forth in Plaintiff's Second Amended Complaint.

5 **IT IS SO ORDERED**.

6 Date: May ___, 2011

7                                     Hon. Roger T. Benitez
United States District Court Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

09cv1194