FILED

2012 MAY 24  AM 10: 01

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN BAKER,<br><br>                Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>                Defendants. | CASE NO. 09-CV-1194 BEN (WMc)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PRIOR BAD ACTS**<br><br>**(2) DENYING MOTION IN LIMINE TO EXCLUDE THE NEGLIGENCE CAUSE OF ACTION**<br><br>[Docket Nos. 48, 49] |

Presently before the Court is Defendants County of San Diego and Jeff Guthrie's motions in limine (1) to exclude evidence of alleged prior bad acts and (2) to exclude the negligence cause of action if the jury finds the use of force to be reasonable. (Docket Nos. 48, 49.) For the reasons stated below, the motion in limine to exclude evidence of alleged prior bad acts is **GRANTED** and the motion in limine to exclude the negligence cause of action is **DENIED**.

## BACKGROUND

A little before two in the morning on Saturday, July 26, 2008, Deputy T. Colby Lee Hodge and Deputy Jeff Guthrie were in the parking lot outside of Molly Malone's in Ramona. Deputy Hodge and Deputy Guthrie were on duty and conducting a routine "bar check," during which the deputies patrolled the local bars to discourage patrons from fighting or driving under the influence.

While at Molly Malone's, Plaintiff Allen Baker, who Defendants claim was intoxicated,

approached Deputy Hodge, demanding to know why he was there. Deputy Hodge unsuccessfully attempted to convince Plaintiff to go home. Plaintiff's questioning became more aggressive, and he began to swing his arms. Deputy Guthrie approached Plaintiff and told him to "back off." Plaintiff yelled, "What, are you gonna arrest me?" Deputy Guthrie used his flashlight to push Plaintiff away, and told Plaintiff to put his hands behind his back. Although Plaintiff initially complied, he allegedly became combative and resisted the deputies' efforts to handcuff him. An altercation between Deputy Guthrie, Deputy Hodge, and Plaintiff ensued.

Plaintiff brought suit on June 2, 2009. In the Second Amended Complaint, Plaintiff alleges: (1) excessive force (42 U.S.C. § 1983); (2) assault and battery; (3) intentional infliction of emotional distress; (4) negligence; and (5) violation of the Banes Act. (Docket No. 15.) On February 15, 2011, the action was stayed against Deputy Hodge, as he filed a petition for bankruptcy in the Southern District of California. (Notice of Automatic Stay [Docket No. 26].) Presently before the Court are Defendants' motions in limine (1) to exclude evidence of alleged prior bad acts and (2) to exclude the negligence cause of action if the jury finds the use of force to be reasonable.

## DISCUSSION

### I.  MOTION IN LIMINE TO EXCLUDE EVIDENCE OF ALLEGED PRIOR BAD ACTS

On September 5, 2008, local television news stations reported and showed photographs of a deputy from the Ramona substation—who is not a defendant in this action—engaged in inappropriate activity while on duty at Molly Malone's. The photographs depicted a young woman sitting in the patrol car and pretending to be handcuffed on her twenty-first birthday. The media obtained the photographs from Plaintiff, who told the media that he had been arrested because he questioned this conduct.

At his deposition, Plaintiff testified that he had observed Deputy Hodge handcuffing two or three women at the bar. (First Mot. in Limine, Exh. A [Docket No. 50], at 39-40.) In addition, Plaintiff produced a photograph that purportedly shows Deputy Hodge and a young woman inside Molly Malone's. (*Id.* at 110-11.) Plaintiff did not recall seeing any inappropriate behavior by Deputy Guthrie at the bar, and did not produce any photographs of Deputy Guthrie engaging in inappropriate behavior. (*Id.* at 34, 110.) Plaintiff has identified the news broadcast and photographs as potential

exhibits in the Pretrial Conference Order. (Pretrial Conference Order [Docket No. 47], at 3-4.)

Defendants move to exclude evidence of these alleged prior bad acts, arguing that such evidence should be excluded as inadmissible character evidence under Federal Rule of Evidence 404(b). Defendants also argue that the admission of such evidence will unfairly prejudice Deputy Guthrie because such evidence is irrelevant to the issue of whether the force used to affect Plaintiff's arrest was reasonable, and the jury may use this evidence to impose liability on an improper basis.

"Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b)(1). "This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED. R. EVID. 404(b)(2). In order for evidence of "bad acts" to be admitted for another purpose under Rule 404(b)(2), four criteria must be met: (1) there must be "sufficient evidence to support a finding by the jury that the defendant committed the similar act," *United States v. Miller*, 874 F.2d 1255, 1268 (9th Cir. 1989) (internal quotation marks omitted); (2) "the prior [act] must not be too remote in time from the commission of the [present wrong]," *United States v. Bailleaux*, 685 F.2d 1105, 1110 (9th Cir. 1982); (3) "the prior . . . conduct must, in some cases, be similar to the offense charged," *id.*; and (4) "the prior . . . conduct must be introduced to prove an element of the charged offense that is a material issue in the case," *id.* In addition, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

In a § 1983 excessive force claim, "the 'reasonableness' inquiry . . . is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional." *Graham v. Connor*, 490 U.S. 386, 397 (1989) (citations omitted).

In regards to Plaintiff's § 1983 excessive force claim, the above news broadcast and

photographs are inadmissible because they amount to "[e]vidence of a crime, wrong, or other act [that the Plaintiff is trying to use] to prove [the deputies'] character in order to show that on [this] particular occasion [they] acted in accordance with the character." *See* FED. R. EVID. 404(b)(1). Plaintiff argues that the evidence is admissible under Rule 404(b)(2) because Plaintiff's exposure of the deputies' wrongdoing motivated Deputy Guthrie and Deputy Hodge to arrest Plaintiff. Evidence of the deputies' motive, however, is irrelevant as to whether the deputies' actions were objectively reasonable for purposes of the § 1983 excessive force claim. Therefore, because evidence of these "bad acts" cannot be introduced to prove an element of the charged offense, they may not be admitted under Rule 404(b)(2). *See Bailleaux*, 685 F.2d at 1110.

In regards to Plaintiff's claim for punitive damages, a plaintiff must present evidence of an evil motive or reckless disregard for the constitutional rights of others in order to recover punitive damages. *Smith v. Wade*, 461 U.S. 30, 51 (1983). Prior bad acts may be admissible to establish such an evil motive. FED. R. EVID. 404(b). With respect to Deputy Guthrie, however, no "bad act" has been alleged or proven, which significantly lessens the probative value of the evidence. In addition, the evidence may be used to impose liability for an improper basis, making the evidence inadmissable under Rule 403. *See Berkovich v. Hicks*, 922 F.2d 1018, 1022-23 (2d Cir. 1991) (the fact that defendant officer had been exonerated on all charges made in prior complaint "lessens significantly the probative value of these complaints" and "tilt[s] the scales further toward a finding of undue prejudice"). With respect to Deputy Hodge, the prior "bad acts" are dissimilar to the excessive force alleged by plaintiff, and therefore may not be admitted under Rule 404(b)(2). *See Bailleaux*, 685 F.2d at 1110.

First, Plaintiff argues that because the action has been stayed against Deputy Hodge due to his filing for bankruptcy, Deputy Hodge may be impeached with his prior bad acts pursuant to Federal Rule of Evidence 608. Rule 608, however, concerns the admissibility of reputation or opinion evidence and specific instances of conduct when offered to prove a witness's character for truthfulness or untruthfulness. FED. R. EVID. 608. Because evidence of Deputy Hodge's allegedly improper conduct does not concern his character for truthfulness, Rule 608 has no applicability here.

Second, Plaintiff argues that Rule 404(b) does not apply to Guthrie because no specific acts

by Deputy Guthrie are alleged or proffered. Because no facts are alleged against Guthrie, however, the probative value of this evidence is significantly lessened, as explained above. In addition, the evidence may be used to impose liability for an improper basis, making the evidence inadmissable under Rule 403.

Accordingly, the motion in limine to exclude the evidence of alleged prior bad acts is **GRANTED**.

## II.  MOTION IN LIMINE TO EXCLUDE NEGLIGENCE CAUSE OF ACTION

In the Second Amended Complaint, Plaintiff alleges both excessive force and negligence against Defendants. The Pretrial Conference Order identifies "[t]he negligence, if any, of the individual Defendants in the use of force upon Plaintiff" as an issue to be litigated at trial. (Pretrial Conference Order [Docket No. 47], at 3.) Defendants seek to preclude Plaintiff from seeking a recovery based on negligence if a jury finds that the force used to effect Plaintiff's arrest was reasonable.

Defendants argue that state law prohibits a plaintiff from proceeding on a negligence theory when the force at issue has been determined to be reasonable, citing *Hernandez v. City of Pomona*, 46 Cal. 4th 501 (2009). In *Hernandez*, the plaintiffs originally brought suit in federal court. The federal court entered judgment in favor of the defendants on claims for excessive force brought under the Fourth and Fourteenth Amendments. *Id.* at 509. The federal court dismissed without prejudice a supplemental state law wrongful death claim arising out of the same incident, declining to exercise supplemental jurisdiction over the claim. *Id.* The plaintiffs then filed an action in state court against the same defendants. *Id.* The state court complaint included a wrongful death claim based on the same allegations the plaintiffs set forth in the wrongful death claim in their federal complaint. *Id.* The state supreme court found that because the jury in the federal action found that the defendants' use of deadly force was reasonable, liability in the state action could not be based on the defendants' alleged negligence. *Id.* at 518.

The present action is distinguishable from *Hernandez*, as the facts have not yet been adjudicated. Because a jury has not yet determined whether the force used to affect Plaintiff's arrest was reasonable, it would be premature to preclude Plaintiff from seeking a recovery based on

negligence. Accordingly, the motion in limine to preclude Plaintiff from seeking a recovery based on negligence is **DENIED**.

## CONCLUSION

For the reasons stated above, the motion in limine to exclude evidence of alleged prior bad acts is **GRANTED** and the motion in limine to exclude the negligence cause of action is **DENIED**.

**IT IS SO ORDERED**.

DATED: May __, 2012

HON. ROGER T. BENITEZ
United States District Court Judge